In The District Court of the United States
For the U S Federal Court Eastern District of Tennessee
800 Market Street
Knoxville, TN 37902
Clerk of the Court phone: 865-545-4228

**FILED**

2004 DEC 27 A 10: 27

U.S. DISTRICT COURT
EASTERN DIST. TENN.

BY_____DEPT. CLERK

| | |
|---|---|
| GREGORY ELLIOTT, an individual, and all others similarly situated, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| HOUSEHOLD BANK, an enterprise affecting interstate commerce, | ) ) ) |
| ARIEL MENDOZA, an individual predicate Actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses. | ) ) ) ) ) ) |
| FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, an enterprise affecting interstate commerce, | ) ) ) ) |
| TIMOTHY L. EDINGTON, an individual predicate Actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses. | ) ) ) ) ) |
| RON CUNNINGHAM, an individual predicate Actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses, | ) ) ) ) ) |
| PAUL E. MCLEMORE, an individual predicate Actor in schemes violating federal laws providing that fraud and extortion are *malum in se* offenses, | ) ) ) ) ) |
| JEFF D. RADER, a public official, records verify, aids and abets schemes of fraud and extortion | ) ) ) ) |
| Defendants | ) |

FEDERAL CASE NUMBER
3:04-cv-612
Jordan/Shirley

Petition, complaint, and claim under authority of 18 USC 1964(a)

Subject matter jurisdictional statement

FEDERAL QUESTION JURISDICTION: 28 USC § 1331: The federal district court has subject matter jurisdiction to consider this claim under authority of 18 USC 1964(a) and by virtue of sufficient pleadings clearly articulating violations of 18 USC 1961 & 1962. The violations are pled with particularity *infra*. Furthermore, the clear face of this record shows the claims of Gregory Elliott in harmony with *Attick v. Valeria Associates, L.P.*, S.D. N.Y. 1992, 835 F. Supp. 103, *Avirgan v. Hull*, C.A. 11 (Fla.) 1991, 932 F.2d 1572, *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007, *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655, *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, D.Del. 1992, 821 F. Supp. 232, *Jordan v. Herman*, F.D. Pa. 1992, 792 F. Supp. 380, *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D. 684, *Polletier v. Zweifel*, C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131, *Khurana v. Innovative Heath Care Systems, Inc.*, C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900, *In re American Honda Motor Co., Inc. Dealership Relations Litigation*, D.Md. 1996, 941 F.Supp. 528, *Red Ball Interior Demolition Corp. v. Palmadessa*, S.D.N.Y. 1995, 908 F.Supp. 1226, *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101, *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F.Supp. 287, and *Compagnie de Reassuarance D'Ile de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F.Supp. 370.

Statement of in *personum* jurisdiction

HOUSEHOLD BANK (SB), N.A. is an enterprise affecting interstate commerce. HOUSEHOLD BANK (SB), N.A. operates from P.O. Box 4155 in Carol Stream, Il. FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, located at 6440 Papermill Drive in Knoxville, TN 37919, is a local facilitator of fraud and extortion for

HOUSEHOLD BANK (SB), N.A.. Timothy L. Edington is a member of the enterprise, FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM. Jeff D. Rader aided and abetted FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, and Timothy L. Edington in Edington's violations of 18 USC 1961 & 1962.

Statement of venue

Venue is appropriate in the U S Federal Court Eastern District of Tennessee as the predicate acts of fraud and extortion committed by Timothy L. Edington occurred in the U S Federal Court Eastern District of Tennessee.

Theory of the case

Timothy L. Edington is engaged in the debt collection fraud racket. HOW THE DEBT COLLECTION FRAUD RACKET WORKS: FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM is a subset of the debt collection racket, a wide-spread, far-reaching scam composed of artists such as Timothy L. Edington, et al. How the scam works: In a back room of the Chicago Board of Trade, worthless bundles of commercial paper in the form of copies of charged off debt are sold at auction or from "debt purchasing" organizations such as Collins Financial Services, Inc., a.k.a. sales@cfsi.net, Money World Network, foreclosurestore.com, chargeoffclearringhouse.com, and loans@money-finance.us. Actors such as Edington can also rely on such resources as collectionindustry.com. The typical face value of the bundles often amounts to tens of millions of dollars. The original makers of the loans including mortgagees and credit card debt are rarely harmed because they most often have hypothecated the loan and have risked nothing. Actors up line from such artists as FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM then break apart the bundles and resell the worthless commercial paper in clusters based on who the original creditor is and what the geographic location of the origin of the individual copies. Artists such as FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM are the actual "end user" holders in due course although typically in the scam, enterprises such as FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM invest as little as 75 cents on the hundred dollar face amount for the worthless commercial paper, then allege they are third party

debt collectors attempting to collect for the original maker of the loan. Enterprises such as FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM use threat, coercion, intimidation, and deception to defraud and extort money and property from parties such as Gregory Elliott. Whenever necessary, scam artists such as Timothy L. Edington, subject parties such as Gregory Elliott to sham legal proceedings where: (1) Standing to sue in the respective state court is never proved, (2) Standing to sue as a bona fide holder-in-due-course is never proved, (3) Corporate charter authority to make consumer loans is never proved, (4) Corporate charter authority to sue for damages on consumer loans is never proved, (5) Damages in fact are never proved, and (6). Delegation of authority from enterprises such as HOUSEHOLD BANK (SB), N.A. to predicate actors such as FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM is never proved. When defendants raise any defense whatsoever, they are forced into submission by lawless acts of tyranny from public servants such as Jeff D. Rader, who either are, or pretend to be, absolutely "clueless." In this instant case, Rader is either "on the take" receiving kickbacks and bribes from Edington or his firm, or Rader lacks both the ethical and professional integrity to make decisions affecting other people's lives. This racket is particularly heinous in the case of credit card contracts, which as a continuing series of offers to contract, are non-transferable. The scam is complete when artists such as Timothy L. Edington, with the cooperation of bad character, bad behavior public servants like Jeff D. Rader, defraud parties such as Gregory Elliott.

FIRST PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: On 09/14/04, predicate actor, Edington or someone in the firm of FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, filed a fraudulent security instrument that fraudulently claimed that Gregory Elliott was indebted to HOUSEHOLD BANK (SB), N.A. in a sum in excess of twelve thousand dollars. Concisely, Edington, or someone in the firm of FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, advanced a writing which Edington and FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM knew was false, with the intention that Gregory Elliott rely on the fraud to Gregory Elliott's detriment. Edington's fraudulent claim was urged under color of an official right. A jury shall determine that Timothy L. Edington and the firm of FINKELSTEIN, KERN,

STEINBERG AND CUNNINGHAM absolutely violated 18 USC 1961 & 1962 by the fraud and extortion which occurred on September 14, 2004.

SECOND PREDICATE ACT IN VIOLATION OF 18 USC 1961 & 1962: On November 18, 2004, predicate actor, Timothy L. Edington filed a fraudulent security instrument that fraudulently claimed that Gregory Elliott was indebted to HOUSEHOLD BANK (SB), N.A. in a sum in excess of twelve thousand dollars. Concisely, Edington advanced a writing which Edington knew was false, with the intention that Gregory Elliott rely on the fraud to Gregory Elliott's detriment. Edington's fraudulent claim was urged under color of an official right. A jury shall determine that Timothy L. Edington absolutely violated 18 USC 1961 & 1962 by the fraud and extortion which occurred on November 18, 2004. In this episode of mischief, Edington secured Jeff D. Rader's sworn agreement to aide and abet in the defrauding of Gregory Elliott.

## Affidavit

I, Gregory Elliott, of age and competent to testify, state as follows based on my own personal knowledge:

1. I was contacted by Ron Cunningham about May 22, 2004. Cunningham falsely alleged that I owed him and/or the firm of FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM a large sum of money, but in the time since, has refused to document and verify that I owe him, HOUSEHOLD BANK (SB), N.A., or FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM money.
2. On July 15, 2004, FINKELSTEIN, KERN STEINBERG & CUNNINGHAM falsely alleged that HOUSEHOLD BANK (SB), N.A. had a claim against me and had authority to sue in Tennessee courts.
3. On July 29, 2004, Paul E. McLemore falsely alleged that HOUSEHOLD BANK (SB) N.A. had a claim against me and had authority to sue in Tennessee courts.
4. On September 15, 2004, Timothy L. Edington falsely alleged that a party who had no personal knowledge of the business records of HOUSEHOLD BANK (SB), N.A. could testify competently about HOUSEHOLD BANK (SB), N.A.'S records.
5. On November 18, 2004, Timothy L. Edington secured agreement from Jeff D. Rader that Rader would help Edington defraud me.
6. On July 15, 2004, and again on July 29, 2004, Paul E. McLemore made thinly veiled threats to the effect that he was out to get me.
7. As a result of the harassment of McLemore and Edington's repeated attempts to extort money and property from me, I have been deprived of business opportunities and been damaged in my business enterprises.

_____
Gregory Elliott

STATE OF _Tennessee_           INDIVIDUAL ACKNOWLEDGMENT
COUNTY OF _Sevier_

Before me, the undersigned, a Notary Public in and for said County and State on this _27_ day of _December_ 200_4_, personally appeared _Gregory Elliott_ to me known to be the identical person who executed the within and foregoing instrument and acknowledged to me that he executed the same as his free and voluntary act.

Given under my hand and seal the day and year last above written.

My commission expires _2/20/06_

_____ Notary Public

Plaintiffs' RICO case statement detailing the racketeering enterprise,

the predicate acts of racketeering, and the economic purpose

FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM is running a racket by taking money and property from parties situated similarly to Gregory Elliott to satisfy nonexistent "debts." This court shall notice that Gregory Elliott, in this complaint, has **testified** of injury to property and business by reason of acts which violate section 4 of the Clayton Act. See *Attick v. Valeria Associates, L.P.*, S.D. N.Y. 1992, 835 F. Supp. 103. Gregory Elliott has articulated violations of racketeering laws, testified that the violations injured both business and property warranting treble damages. See *Avirgan v. Hull*, C.A. 11 (Fla.) 1991, 932 F.2d 1572. In naming FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, an enterprise to which Timothy L. Edington belongs, Gregory Elliott has established that an enterprise exists which undeniably affects interstate commerce. See *Yellow Bus Lines, Inc. v. Drivers, Chauffeurs & Helpers Local Union 639*, C.A.D.C. 1990, 913 F.2d 948, 286 U.S. App. D.C. 182, certiorari denied 111 S.Ct. 2839, 501 U.S. 1222, 115 L.Ed. 2d 1007. Gregory Elliott has standing to sue under RICO as Gregory Elliott has shown violations of RICO, injury to business and property, and causation of the injury by the violations. See *Hecht v. Commerce Clearing House, Inc.* C.A. 2 (N.Y.) 1990, 897 F.2d 21, 100 A.L.R. Fed. 655. Gregory Elliott has perfected a RICO claim by showing the existence of a RICO enterprise, showing a pattern of racketeering activity: fraud, shown nexus between the defendants and the pattern of frauds, and shown resulting injury to business and property. See *Standard Chlorine of Delaware, Inc. v. Sinibaldi*, D.Del. 1992, 821 F. Supp. 232. Gregory Elliott has demonstrated that Gregory Elliott sustained injury as proximate result of the pattern of frauds by the defendants. See *Jordan v. Herman*, F.D. Pa. 1992, 792 F. Supp. 380. Timothy L. Edington's membership in the enterprise, FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, empowers Edington to do illicit business benefiting FINKELSTEIN, KERN, and STEINBERG & CUNNINGHAM directly and indirectly. FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM is able to recoup and profit by HOUSEHOLD BANK (SB), N.A., investment affecting interstate commerce. See *Nassau-Suffolk Ice Cream, Inc. v. Integrated Resources, Inc.* S.D.N.Y. 1987, 114 F.R.D.

684. Gregory Elliott clearly articulated being Edington's target of extortion and resulting business loses. See *Polletier v. Zweifel*, C.A. 11 (Ga.) 1991, 921 F.2d 1465, rehearing denied 931 F.2d 901, certiorari denied 112 S.Ct. 167, 502 U.S. 855, 116 L.Ed. 131. The cause-in-fact that but for the chicanery of the enterprise member, Timothy L. Edington, Gregory Elliott would have his money and his business would not have incurred tangible losses is sufficient to state factual causation for provision of RICO act providing for treble damages. See *Khurana v. Innovative Heath Care Systems, Inc.*, C.A. 5 (La.) 1997, 130 F.3d 143, vacated 119 S.Ct. 442, 525 U.S. 979, 142 L.Ed. 2d 397, on remand 164 F.3d 900. Gregory Elliott's reliance on traditional principles of proximate causation applying to RICO cases is illustrated in the well pleaded testimony that Gregory Elliott was the target of extortion and his business interfered with by predicate acts of the defendants. See *In re American Honda Motor Co., Inc. Dealership Relations Litigation*, D.Md. 1996, 941 F.Supp. 528. There exists an undeniable relationship between the acts of the defendants and the damage to property and business interests of Gregory Elliott. See *Red Ball Interior Demolition Corp. v. Palmadessa*, S.D.N.Y.1995, 908 F. Supp. 1226. The damage caused by the defendants was the natural and reasonably foreseeable consequence of the frauds promulgated by the defendants. See *Protter v. Nathan's Famous Systems, Inc.* E.D. N.Y. 1995, 904 F.Supp. 101. The fraud by the defendants was the legal cause of Gregory Elliott being the target of extortion, his business interests being interfered with, and related damages. See *Prudential Ins. Co. of America v. U.S. Gypsum Co.* D.N.J. 1993, 828 F. Supp. 287. The enterprise, HOUSEHOLD BANK (SB), N.A. is evident to a high degree and it is also evident to a high degree that associates such as Timothy L. Edington act as a continuing unit. See *Compagnie de Reassuarance D'Ile de France v. New England Reinsurance Corp.* D. Mass. 1993, 825 F. Supp. 370. It is undeniable that FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM receives money for defrauding parties such as Gregory Elliott and FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM receipts and compensation to collateral enterprises represents their necessary investment in the class of business to which FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM belongs for the continuing privilege of, in the vernacular, continuing to rip people off in phony, sham proceedings. See *Grand Cent. Sanitation, Inc. v. First Nat. Bank of Palmerton*, M.D.Pa. 1992, 816 F.Supp. 299.

Undeniably, the defendants have used the courts for purposes of fraud and extortion. Edington's pattern of attacks on Gregory Elliott is but one of many of examples of fraud by FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM and other enterprises similarly constituted.

Remedy sought and prayer for relief

The Federal District Court has a duty to order the dissolution of HOUSEHOLD BANK (SB), N.A. and FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM under authority of 18 USC 1964(a). The Federal District Court is empowered to order treble damages as remedial to the racketeering activities of "RICO" enterprises and their constituent members. A jury's determination that FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM by and through Timothy L. Edington and Jeff D. Rader has engaged in a pattern of frauds rising to a level of racketeering requires this court's order to HOUSEHOLD BANK (SB), N.A. and FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM to dissolve and cease operations. A jury's determination that FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, by and through Timothy L. Edington and Jeff D. Rader, committed or aided and abetted two or more predicate acts of fraud resulting in defrauding Gregory Elliott and others similarly situated of property and business interests justly requires ordering HOUSEHOLD BANK (SB), N.A., FINKELSTEIN, KERN, STEINBERG & CUNNINGHAM, and Timothy L. Edington and Jeff D. Rader to compensate all parties in a sum not less than three times the collective sums of property and losses to businesses of all who are similarly situated.

TRIAL BY JURY DEMANDED

Prepared and submitted by: _____
Gregory Elliott