IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| GREGORY ELLIOTT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CV-612 |
| ) | |
| HOUSEHOLD BANK, ) | |
| ARIEL MENDOZA, ) | |
| FINKELSTEIN, KERN, STEINBERG & ) | |
| CUNNINGHAM, ) | |
| TIMOTHY L. EDINGTON, ) | |
| RON CUNNINGHAM, ) | |
| PAUL E. McLEMORE, and ) | |
| JEFF D. RADER, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM OPINION**

Presently before the court is defendant Jeff D. Rader's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [doc. 36], filed on May 25, 2005.[1] *Pro se* plaintiff has not submitted a response. For the reasons that follow, the subject motion will be granted.

---

[1] The motion to dismiss indicates that defendant Rader is a judge in the General Sessions Court of Sevier County, Tennessee.

I.

*Factual Background*

Plaintiff filed his complaint on December 27, 2004, alleging violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") relating to an alleged "debt collection fraud racket" born "[i]n a back room of the Chicago Board of Trade." Plaintiff purports to plead RICO violations "with particularity." Despite this representation, the complaint's vague references to Judge Rader are actually more akin to "redundant, immaterial, impertinent, or scandalous matter" made sanctionable by Fed. R. Civ. P. 12(f). By way of background, however, the court will nonetheless summarize plaintiff's allegations against this defendant.

The complaint's caption describes Judge Rader as "a public official, records verify [sic], aids and abets schemes of fraud and extortion." [Complaint, p. 1]. Judge Rader is next alleged to have "aided and abetted" other defendants in their violations of RICO. [Complaint, p. 3]. Plaintiff then alludes to a state court "sham legal proceeding[]."

> When [state court] defendants raise any defense whatsoever, they are forced into submission by lawless acts of tyranny from public servants such as Jeff D. Rader, who either are, or pretend to be, absolutely "clueless." In this instant case, Rader is either "on the take" receiving kickbacks and bribes from [defendant] Edington or his firm, or Rader lacks both the ethical and professional integrity to make decisions affecting other people's lives. . . . The scam is complete when artists such as Timothy L. Edington, with the cooperation of bad character, bad behavior public servants like Jeff D. Rader, defraud parties such as Gregory Elliott.

[Complaint, p. 4].

2

The complaint next provides that:

> On November 18, 2004, . . . Edington filed a fraudulent security instrument that fraudulently claimed that Gregory Elliott was indebted to HOUSEHOLD BANK (SB), N.A. in a sum in excess of twelve thousand dollars. Concisely, Edington advanced a writing which Edington knew was false, with the intention that Gregory Elliott rely on the fraud to Gregory Elliott's detriment. . . . A jury shall determine that Timothy L. Edington absolutely violated [RICO] by the fraud and extortion which occurred on November 18, 2004. In this episode of mischief, Edington secured Jeff D. Rader's sworn agreement to aide [sic] and abet in the defrauding of Gregory Elliott.

[Complaint, p. 5]. Plaintiff restates that "[o]n November 18, 2004, Timothy L. Edington secured agreement from Jeff D. Rader that Rader would help Edington defraud me." [Complaint, p. 6]. Plaintiff concludes that "[u]ndeniably, the defendants have used the courts for purposes of fraud and extortion." [Complaint, p. 9].

Appended to Judge Rader's motion to dismiss is a state court judgment which helps clarify the above-recited allegations. In Sevier County Sessions Court case number C0045683, Judge Rader entered a default judgment in favor of Household Bank against the present plaintiff. Parallel to the allegations of the instant complaint, the default judgment is dated November 18, 2004, and is for "a sum in excess of twelve thousand dollars" ($12,361.06).

II.

*Authority*

The Federal Rules provide for dismissal based on a plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A Rule 12(b)(6)

3

motion tests whether a cognizable claim has been pleaded in the complaint." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

"When evaluating a motion to dismiss brought pursuant to rule 12(b)(6), the factual allegations in the complaint must be regarded as true. The claim should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Windsor v. The Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983) (internal citations omitted). "Although this standard for Rule 12(b)(6) dismissals is quite liberal, more than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements. In practice, a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid*, 859 F.2d at 436 (emphasis in original) (internal citations and quotations omitted).

If "matters outside the pleading are presented to and not excluded by the court," a Rule 12(b)(6) motion is generally then converted to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b). This has the effect of placing the burden upon the movant to demonstrate that there is no genuine issue of disputed material fact. *See* Fed. R. Civ. P. 56(c).

There are exceptions to this general rule. Documents attached to a 12(b)(6 motion are considered part of the pleadings if they are: (1) central to the plaintiff's claim; and (2) referred to in the plaintiff's complaint. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th

4

Cir. 1997).

It is apparent from the record that the November 18, 2004 $12,361.06 Sessions Court judgment order relates to the same "sum in excess of twelve thousand dollars" referred to in plaintiff's complaint and is Judge Rader's part in "the defendants['] [purported use of] the courts for purposes of fraud and extortion." Because the order is referenced in, and is central to, plaintiff's claim, the court can accordingly consider that document in resolving Judge Rader's motion under Rule 12(b)(6).[2]

Lastly, the court notes that *pro se* complaints are entitled to a degree of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596, 30 L. Ed. 2d 652 (1972). However, this less stringent standard "does not compel the courts to conjure up unpleaded facts to support conclusory allegations." *Steen v. Detroit Police Dep't*, No. 92-2409, 1993 WL 219875, at *1 (6th Cir. June 21, 1993) (citation and quotation omitted).

---

[2] In the alternative, the court could consider the order under the "public records" exception. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003). Further, even if the court were to treat Judge Rader's motion as one for summary judgment, the result would be the same. There is absolutely no genuine issue of material fact as to Judge Rader's liability, and the court thus concludes that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

5

III.

*Analysis*

It is well-settled that, with limited exceptions, judges are immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991).[3] A litigant *cannot* sidestep a judicial officer's immunity by alleging bad faith, malice, corruption, bribery, or conspiracy. *Mireles*, 502 U.S. at 11, 112 S. Ct. at 288; *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Instead,

> immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S. at 11-12, 112 S. Ct. at 288 (citations omitted).

Although plaintiff alleges that Judge Rader entered the underlying judgment order due to "bad character," "bad behavior," bribery, "kickbacks," or an absence of "ethical or professional integrity," such allegations do not transform the judge's action into "nonjudicial" conduct. "[T]he relevant inquiry is the nature and function of the act, not the act itself. In other words, we look to the particular act's relation to a general function normally performed by a judge[.]" *Mireles*, 502 U.S. at 13, 112 S. Ct. at 288 (citations and quotations omitted). In the present case, the conduct of which plaintiff complains - the adjudication of a debt collection suit and the entry of an order - relate to "a general function

---

[3] As to Judge Rader, plaintiff seeks only money damages.

6

normally performed by a judge," regardless of the alleged motivation. *Mireles*, 502 U.S. at 11-13, 112 S. Ct. at 288.

Nor is plaintiff able to meet the second exception to judicial immunity from suit for money damages. This court simply cannot conclude that a Sessions Court judge acts "in the complete absence of all jurisdiction" by adjudicating a debt collection suit.

Judge Rader's judicial immunity therefore dictates that his motion to dismiss must be granted. An order consistent with this opinion will be entered.

ENTER:

                                                    s/ Leon Jordan
                                           United States District Judge

7

Case 3:04-cv-00612   Document 39   Filed 07/01/05   Page 7 of 7   PageID #: 7